UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-88(2) (ECT/LIB)

---

United States of America,

          Plaintiff,

v.

_____

 Elizabeth Christine Brown,

          Defendant.

**MOTION TO SUPPRESS
EVIDENCE OBTAINED AS A
RESULT OF SEARCH AND SEIZURE**

---

The Defendant, Elizabeth Christine Brown, by and through her attorneys, Andrew S. Garvis and Eric Davis, respectfully move the Court pursuant to Rule 12, Federal Rules of Criminal Procedure, to suppress any physical evidence obtained as a result of a search and seizure on the following grounds:

1. No probable cause existed for the search warrants listed related to various social media accounts in Defendant Elizabeth Brown's name as well as her residence, place of business and personal property:

    a. 21-mj-96, Instagram account of Liz_BrownXOXO;

    b. 21-mj-97 Google account for IzzyBanks09@gmail.com ;

    c. 21-mj-102 Facebook Account Liz.Brown1982;

    d. 23-mj-15 11631 Welters Way, Eden Prairie, Mn 55347;

    e. 2:23 mj 25 2870 S. Maryland Pkway Las Vegas, NV 89109 suite 200 and 220;

  f. 23-mj-37 Electronic devices seized as part of Exhibit A to 11631 Welters Way, Eden Prairie, Mn 55347 search warrant;

  g. 23-mj-567 Subsequent search warrant related to all digital media seized at 11631 Welters Way.

Exhibits a-c, search warrants 21-mj-96, 21-mj-97, and 21-mj-102 purported to be based upon 'sex trafficking', 'wire fraud' and 'money laundering'. *Id*. The initial allegations listed concerned Mr. Luthor being engaged in violating the Mann Act, 18 U.S.C. §2421. Yet the government applied for and asked to expand its search without sufficient probable cause to cover that of Money Laundering and Wire Fraud of Ms. Brown and Mr. Luthor in violation of 18 U.S.C. §§1956 and 1957 and 18 U.S.C. §1343.

The support for probable cause listed relates to various 'complaints' about the lifestyle of Ms. Brown and Mr. Luthor.

  i. A hairdresser's alert about how someone was dictating how a woman's hair should be cut;

  ii. A woman who was flown out for interview and declined the job was concerned about manner of dress and how she was received in Ms. Brown and Mr. Luthor's home;

  iii. A plumbing inspector's note about a large shower that he had never seen before that he labeled a "gang shower;"

  iv. Public searches as to the ownership of the real property (Welters Way owned by Ms. Brown and Mr. Luthor);

  v. Mail was pulled at that home house and there was mail addressed to Brown there, as well as a pre prescription for antibiotics that Brown issued for Wilson; and a contraceptive prescription addressed to Wilson; and,

  vi. A review of Golden Victory Medical public records.

In addition, bank records were obtained for Golden Victory Medical, yet nothing related to how that business tied into Mr. Luthor's alleged Mann Act violation. The

2

information sought related to Golden Valley Medical in the Instagram, Google and Facebook warrants for Ms. Brown was overly broad. There was no probable cause put forth in the Affidavit to permit the extensive searches requested in Exhibits a-c that either Ms. Brown or Mr. Luthor, through Golden Victory Medical were engaging in fraudulent billing based upon *United States v. Williams*, 477 F.3d 554, 557 (8th Cir. 2007); *United States v. Oropesa*, 316 F.3d 762, 766 (8th Cir. 2003) (In reviewing the decision of the issuing court, this Court must ensure that the court had a substantial basis for concluding that probable cause existed). It appears that the warrant was just a fishing expedition.

Searches pursuant to a warrant are reviewed to determine if there was probable cause for the search in the search warrant application and affidavit. *See Illinois v. Gates*, 462 U.S. 213, 236 (1983). "Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime would be found in a particular place." *United States v. Fladten*, 230 F.3d 1083, 1085 (8th Cir. 2000) (citing *Gates*, 462 U.S. at 238). Though establishing probable cause "is not a high bar," *Kaley v. United States*, 571 U.S. 320, 338 (2014), it still requires "a showing of facts" that "create a fair probability that evidence of a crime will be found in the place to be searched," *United States v. Wallace*, 550 F.3d 729, 732 (8th Cir. 2008) (per curiam) (quotation marks omitted). Nothing was alleged related to Ms. Brown allegedly violating the "Mann Act," but her Instagram, Google and Facebook accounts were searched.

The Search warrants in Exhibits a-c for Defendant's Instagram, Google and Facebook accounts are without fair probability that Ms. Brown was engaged in any 'sex

3

trafficking' warranting the review of her accounts. Moreover, there was no probable cause to broadly expand the warrant to include anything related to Golden Victory Medical.

2.  The search warrants (Exhibits d-g), 23-mj-15, 2:23 mj 25, 23-mj-37, and 23-mj-567 were all derivative of the impermissible search of Ms. Brown's Instagram, Google and Facebook accounts. A violation of the Fourth Amendment usually triggers exclusion of evidence obtained by way of the violation. *United States v. Davis*, 760 F.3d 901, 903 (8th Cir.2014). "[T]he exclusionary rule reaches not only primary evidence obtained as a direct result of an illegal search or seizure, but also evidence later discovered and found to be derivative of an illegality or fruit of the poisonous tree." *United States v. Hastings*, 685 F.3d 724, 728 (8th Cir.2012) (quoting *United States v. Riesselman*, 646 F.3d 1072, 1078 (8th Cir.2011)); *see Murray v. United States*, 487 U.S. 533, 536–37, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988).

3.  That the subsequent search warrants for items taken in Exhibit g, 23-mj-567 (Exhibit A attachment) related to all digital media seized at 11631 Welters Way were not supported by probable cause related to the specific devices owned by Elizabeth Brown; related to any wire fraud in violation of 18 U.S.C. §1343; or, money laundering 18 U.S.C. §1956 and 1957. The application did not pertain to any aspects of wire fraud whatsoever and allowed for 'rummaging' through Ms. Brown's iPhone and various laptops. *See* U.S. CONST. amend. IV. "Particularity

prohibits the government from conducting general, exploratory rummaging of a person's belongings." *United States v. Sigillito*, 759 F.3d 913, 923 (8th Cir. 2014) (quoting *United States v. Saunders*, 957 F.2d 1488, 1491 (8th Cir. 1992)) (internal quotation marks omitted). The warrant is a general warrant allowing "subsequent" searches to not have any particularity related to Elizabeth Brown.

This motion is based on the indictment, the records and files in the above-entitled action, and any and all other matters which may be presented prior to or at the time of the hearing of said motion.

Dated: October 7, 2025                    Respectfully submitted,

/s/ *Andrew S. Garvis*
Koch & Garvis, LLC
Andrew S. Garvis, Att'y #257989
3109 Hennepin Avenue South
Minneapolis, MN 55408
(612) 827-8101
andrew@uptownlawyer.com


/s/ *Erica E. Davis*
Erica Davis, Att'y #0393610
Davis and Egberg, PLLC
3109 Hennepin Avenue South
Minneapolis, MN 55408
(612) 351-2155
Erica@davisabdegberg.com


Attorneys for Defendant Brown

5