**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
*Criminal No.: 25-cr-88-ECT-LIB*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GARBRIEL ADAM ALEXANDER LUTHOR,<br><br>Defendant. | ) | **DEFENDANT'S PRETRIAL MOTION FOR SUPPRESSION OF ALL EVIDENCE OBTAINED PURSUANT TO THE EXECUTION OF SEARCH WARRANTS** |

Defendant moves this Court, pursuant to the Federal Rules of Criminal Procedure, to suppress any and all evidence obtained pursuant to the search warrant(s) executed; additionally, Defendant requests that all fruits of this illegal search be suppressed. The basis for this Motion is that the warrant violates the Defendant's constitutional rights protecting him from unreasonable searches and seizures without probable cause and particularity. Specifically, Mr. Luthor focuses on the following search warrants:

1. 21-mj-96 (TNL), Instagram/Facebook (See Exh. 1 Application);
2. 21-mj-102 (KMM), Facebook (See Exh. 2 Application);
3. 23-mj-15 (DJF), 11631 Welters Way (See Exh. 3, Application);

4. 23-mj-37 Electronic devices seized during search of 11631 Welters Way (See Exh. 4, Application);
5. 23-mj-567 Search of digital media seized during search of 11631 Welters Way, Attachment A (See Exh. 5, Application);
6. 23-mj-25-NJK. 2870 S Maryland Pkwy., Las Vegas, NV. (See Exh. 6, Application).

The legal standard for a probable cause challenge is well established. "The existence of probable cause depends on whether, in the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Solomon*, 432 F.3d 824, 827 (8th Cir. 2005). "When the issuing judge relied solely upon the supporting affidavit to issue the search warrant, only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause." United States v. O'Dell, 766 F.3d 870, 874 (8th Cir. 2014).

Whenever assessing probable cause in a search warrant affidavit, the "affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause, and [a] wholly conclusory statement…fail[s] to meet this requirement." *Illinois v. Gates, 462* U.S. 213, 239 (1983). "Sufficient information must be presented to the magistrate to allow that official to

determine probable cause; his action cannot be a mere ratification of the bare conclusions of others." Id

The above exhibits, all search warrant applications which Mr. Luthor seeks to suppress the fruits of, do not provide probable cause to support issuance of a search warrant. Exhibits 1-3 all focus on unsupported allegations of human trafficking in violation of the Mann Act 18 U.S.C. 2421, yet fail to establish probable cause to support a search for evidence of that alleged offense. Collectively, the search warrant applications reference hair dresser offended by a dominant black man brining sexily clad women into her shop. See Exh. 1 and 2 at 4, 5), a job applicant who had an unpleasant interview. See Id. at 8, 9) and later information that the black man had a nice house with a big shower and attractive women upstairs. (See Id at 12-14)

Later, this became a health care investigation and investigators did a mail pull and public records search, yet never established probable cause of the crimes alleged. The warrants do not establish that Mr. Luthor was engaged in a violation of the Mann Act, money laundering or fraud to the point of probable cause to support the offending search warrants. There is no substantial basis that probable cause existed. A review of the "four-corners"

of the search warrant applications fails. *See Illinois v. Gates*, 462 U.S. 213, 236 (1983); *United States v. Green*, 39 F.4th 510, 513 (8th Cir. 2022)

Counsel also notes that the searches in Exhibits 3-6 are derivative warrants and therefore fruit of the poisonous tree. Once a Fourth Amendment violation occurs, derivative evidence must also be suppressed. *See Murray v. United States, 487 U.S. 533, 536-37, 108 S. Ct. 2529 (1988).*

Subsequent search warrants seeking a search of "all digital data" seized at Welters Way lack probable cause and fail to state with particularity what is to be searched for. The Supreme Court has explained the particularity requirement is intended to prevent issuance of standardless warrants which could be improperly employed as general warrants by police officials. *Horton v. California*, 496 U.S. 128, 137 (1990).

The applicant essentially asks to perform a detour and frolic though all cell phones and computers. This is in violation of U.S. Const. Amend. IV. It is well established that a search warrant must not seek a general exploratory search. *United States v. Ivey*, 91 F.4th 915918 (8th Cir. 2024) (citing *United States v. Saunders,* 957 F.2d 1488, 1491 (8th Cir. 1992))

This Motion is based upon all the files, records, and proceedings herein.

Respectfully submitted,

Dated: October 7, 2025

/s/ Thomas C. Plunkett

Thomas C. Plunkett
Attorney No. 260162
Attorney for Defendant
332 Minnesota Street
Suite W1610
St. Paul, MN 55101
Phone: (651) 222-4357
Email: tcp@tp4justice.com