UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-88 (ECT/LIB)

UNITED STATES OF AMERICA,

Plaintiff,

v.

GABRIEL ADAM ALEXANDER LUTHOR
and ELIZABETH CHRISTINE BROWN,

Defendants.

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISQUALIFY JUDGE**

The United States of America, by and through its undersigned attorneys, respectfully submits this brief in opposition to Defendants Gabriel Luthor and Elizabeth Brown's joint motion to disqualify the Court from this case (ECF No. 104 ("Joint Mot.")).

The motion should be denied because mere involvement in a related case involving different claims, without more, does not constitute grounds for disqualification. Federal law requires disqualification in certain specific instances. 28 U.S.C. § 455. One ground is the objective appearance of impropriety. *Id.* § 455(a) (requiring disqualification if a judge's "impartiality might reasonably be questioned."). Other grounds exist in the presence of actual conflicts, such as when a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id.* § 455(b) & (b)(1).

Here, Luthor and Brown seek recusal based on three facts: (i) the Court was assigned a related civil breach-of-contract case where Bryan Stewart, the former CEO of Luthor and Brown's company Golden Victory Medical LLC ("GVM"), alleged that GVM

wrongly terminated his contract in retaliation for his raising concern regarding the company's medical overbillings; (ii) the Court held an evidentiary default-judgment hearing in the related case after GVM stopped litigating, and the Court found Stewarts's testimony credible; and (iii) the Court entered default judgment in the case for Stewart, against GVM.  (*See* Joint Mot. at 5, 8); *Stewart v. Golden Victory Med. LLC*, No. 22-cv-2145 (ECT/LIB), 2024 WL 1285920 (D. Minn. Mar. 26, 2024).  Luthor and Brown believe recusal is warranted because the Court's findings in the related case "go[] directly to issues that will be presented" in this criminal case.  (Joint Mot. at 8.)

Nothing from all of this amounts to a showing of personal bias or a reasonable perception of impropriety.  A "judge's rulings in a related case are not a sufficient basis for recusal, except where pervasive bias is shown."  *Scheffler v. Davis*, No. 25-CV-4382 (NEB/LIB), 2026 WL 809983, at *2 (D. Minn. Mar. 24, 2026) (order of Schiltz, C.J.) (quoting *In re Bush*, 232 F. App'x 852, 854 (11th Cir. 2007)).[1]  Recusal is particularly unnecessary because the claims in the criminal case are different than those in this case. *Id.* (stating a judge's decision in related case is not disqualifying particularly when "the present claims are brought under a different statute").  In this case, Luthor and Brown are alleged to have defrauded Medicare and other insurers, then laundered the proceeds, all in

---

[1] *See also Wilson v. Huffman*, No. 3:10-CV-0054, 2010 WL 697364, at *1 (S.D. Ohio Mar. 1, 2010) ("[I]nvolvement in a litigant's prior case does not create a conflict of interest preventing a judge from hearing a subsequent case involving the same litigant, whether or not the first case has been appealed."); *Tallant v. Tallant*, No. 5:20-CV-0129-KDB-DCK, 2020 WL 6813227, at *2–3 (W.D.N.C. Oct. 14, 2020) ("Merely acting as the judge in a related action and entering a ruling that the Defendant has appealed is, standing alone, plainly not grounds for recusal[.]").

violation of federal criminal law.  In the related civil case, the claims were that GVM

breached their private contract with and retaliated against Stewart.

In conclusion, Luthor and Brown's motion should be denied because the mere fact

of the Court's adjudication of a related civil case involving different claims is insufficient

to show any actual or reasonably perceived conflict in this criminal case.


Dated: May 11, 2026                                       Respectfully Submitted,

                                                          DANIEL N. ROSEN
                                                          United States Attorney

                                                          /s/ Matthew D. Forbes
                                            BY:   MATTHEW D. FORBES
                                                          Assistant U.S. Attorney
                                                          Bar No. NY5664354

3