UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-88 (ECT/LIB)

UNITED STATES OF AMERICA,

Plaintiff,

v.

GABRIEL ADAM ALEXANDER LUTHOR,
AND ELIZABETH CHRISTINE BROWN,

Defendants.

**GOVERNMENT'S RESPONSE TO GABRIEL LUTHOR'S MOTION IN LIMINE REGARDING GOVERNMENT EXHIBITS 16(a)-(cccc)**

Defendant Luthor's motion to exclude and limit evidence of text messages should be denied because the government will show the messages are Luthor's, the messages with "Elly" are screenshots exchanged between Luthor and Brown, the final exhibit list will be updated prior to submission to the jury, and there is no completeness issue that is ripe for adjudication.

As background, Luthor moves the Court for four pre-trial orders concerning proposed government exhibit 16(a)-(cccc):[1] 1) that the government proffer which evidence it will rely upon to authenticate messages sent between defendant Brown and defendant Luthor ("Defense Motion 1"); 2) that so-called "Count 7" exhibits may not be presented as communications between defendant Brown and defendant Luthor, may only be admitted following a proper foundation, and must be received with a limiting instruction ("Defense Motion 2"); 3) that the government edit titles on

[1] Exhibit 16(a)-(cccc) was shared with the defense on October 9, 2026. It is a text-message excerpt pulled from Defendant Elizabeth Brown's phone, an extraction of which was produced to defendants more than a year ago, in May 2025.

its exhibit list ("Defense Motion 3"); and 4) that defendant Luthor be permitted to complete any excerpt from 16(a)-(cccc) under Federal Rule of Evidence 106 ("Defense Motion 4").

These requests are all either meritless or premature and should be addressed during the normal course of trial.

## I. The evidence will show Luthor is the counterparty to the text messages.

Luthor's first request regarding the attribution of Luthor as the counterparty to Brown's text messages should be denied because the evidence will show he is in fact the counterparty.

At the outset, Luthor does not take issue with the exhibit's authenticity—he acknowledges the exhibit contains text messages pulled from Brown's phone that are self-authenticating by virtue of a declaration submitted under penalty of perjury by the person who pulled the phone extraction. (*See* ECF No. 171 at 8 (acknowledging that the "Rule 902(14) certification establishes that data was accurately copied from a device"). Instead, Luthor's issue is relevance—that the messages are irrelevant unless he is shown to be the counterparty to the texts. (*See id.* ("the relevant of a message depends on who wrote it").) In this context, the question posed to the Court at this moment would be whether the jury could "reasonably find" by a "preponderance of the evidence" that Luthor is the counterparty to the texts. *Huddleston v. United States*, 485 U.S. 681, 690 (1988).

That low bar will be surpassed by the evidence introduced at trial, in three ways: *First*, Brown listed Luthor's name as the contact for the counterparty's phone

number (a phone number ending in -2563). *Second*, Brown referred to the counterparty by Luthor's name in text messages within the exhibit. *See e.g.,* 16(kk) (texting -2563 "Gabriel I mean it, you said all that yesterday in the car . . ."). And *third*, witnesses will testify that the contents of other messages sent between Brown and -2563 included the -2563 number sending selfies of Luthor to Brown. Overlaid with this specific evidence will be the more general evidence that Brown and Luthor were in a relationship with each other and that they lived together. Luthor was the counterparty with the -2563 phone number.

Luthor's argument about Exhibit 16(u) does not call for a different conclusion. In those messages, Luthor coaches Brown on how to respond to others; he writes his own name in his proposed messages because he wants Brown to invoke his authority—it is not because someone else wrote the messages.

In the first text message in the exhibit, Luthor instructs Brown on how respond to the complaint that D.F.—the Nevada family practice doctor—submitted to the Nevada Board of Nursing. (*See* Attach. A (Ex. 16(u)).) Luthor sends Brown a paragraph-long critique of the complaint, all written in Brown's voice. (*Id.* at 1.) Brown then used that content as the basis for the response she sent to the Board the same day. (*Compare id.* ("After reviewing the complaint"; "[D.F.] has been attempting to report to higher authorities several times"; "the start date for Biofeedback is not only not in February it is not even in the same year"; "Refused to pay last paycheck. Has not sent W2s"; "Had members of her staff call pharmacy to check up on medications prescribed"; "Attempted to tell patients I was not able to practice"), *with*

Attach B. (Brown's Resp. to the Bd.) at 1–2 ("after reviewing the complaint"; "I also received several calls from pharmacy staff stating that . . . [D.F.'s] personal assistant[] was attempting to look up dates of new prescriptions"; "[D.F.] has been attempting to report myself to higher authorities several times"; "I can conclusively prove the start date for neurofeedback is not only not February it is not even in the same year"; "She . . . has refused to pay out my last paycheck and has not sent W2's"; "[D.F.] attempted to tell patients I was not able to practice").

Later in the exhibit, Luthor writes more messages to Brown instructing to invoke his name and authority to respond to another person: "Tell her Gabriel has sued . . . ."; "Tell her . . . Gabriel's legal is already dealing with it"; "Gabriel said smooth transition and this isn't." (Attach. A at 2–3.)

Additionally, the simplest explanation for why certain of Luthor's messages with Brown appear on Brown's phone but not on Luthor's is that Luthor deleted them.

A reasonable finding by the jury would include that Luthor is the author of these text messages. Luthor's request to exclude all of his messages with Brown should be denied.[2]

## II. The screenshots exchanged within Brown and Luthor's text-message chain are admissible.

Next, defendant Luthor demands the government not present exhibits 16(eee)-(fff), (iii), and (jjj) - (kkk) as communications with defendant Luthor and remove the exhibits from the "Exhibit 16 series."

[2] Even if Luthor could somehow show that a jury could not reasonably attribute the messages to him, they could still be relevant to Brown, and therefore admissible at trial.

Exhibits 16(eee)- (fff), (iii), and (jjj) - (kkk) are text messages recovered from Brown's phone sent between Brown and Luthor. In the messages, Brown attaches screenshots of other messages sent between Brown and someone named "Elly." Simply put, these screenshots are themselves communications, or inextricable from communications, sent between Brown and Luthor. The fact that the communications were in the form of a screenshot does not change the fact that they are communications—i.e., party-opponent statements. Therefore, their introduction as messages sent from Brown to Luthor is appropriate.

Additionally, Brown's statements to Elly are party-opponent statements, and the government expects the entire Brown-Elly conversations may be admitted as co-conspirator statements, after a proper foundation is laid. If that doesn't happen, the messages may be introduced for their limited purpose, subject to an appropriate limiting instruction.

Last, Luthor seeks to redact Elly's suggestion of bribery in Exhibit 16(eee)—that they should get around a backlog of trucks at the border between the Democratic Republic of the Congo and Zambia by "using the people working at the border" for "an additional cost." (The reference to a meeting with "the Minister of mines" appears innocuous.) But such a reference is appropriate in the context of a money laundering charge—the evidence will show the money sent to the DRC for the water-well excursion was laundered fraud proceeds.

For these reasons, Luthor's requests to exclude and limit Exhibit 16 should be denied.

**III. The exhibit is not cumulative and the exhibit list will be updated before going to the jury.**

Defendant Luthor's arguments about cumulative evidence under FRE 403 are premature. Moreover, given the scope and length of the charged scheme—and the centrality of defendant Luthor and defendant Brown to the charged crimes—the government disagrees that the number of exhibits identified on its exhibit list is cumulative on its face. The Court, however, cannot make such a determination in a vacuum. The government, therefore, respectfully requests that the Court rule on whether an exhibit is cumulative in light of the other evidence offered by the government during the regular course of trial.

Defendant Luthor argues—without referencing any particular message—that the government's exhibits "invite the jury to infer that because Mr. Luthor was demanding in the relationship, he must have controlled the billing." Def. Mot. at 15. The government does seek to introduce evidence that defendant Luthor exercised control over defendant Brown. *See* ECF 154. If the Court admits such evidence, the defense is free to argue the persuasiveness of it.

Defendant Luthor complains that the descriptive titles on the government's exhibit list amount to argument, but the defendants' exhibit list contains similar descriptions. *See e.g.,* Dkt. 129 at Ex. 72 ("Nikki email as to new credentialing for Relindis and Ibukum July 15 2020") and 172 (" Feb. 5 2021 Chicon reply to Kalpesh that Claire not approved so need to put down Liz as rendering person but for Medicare and Cigna"). The government provided descriptive titles on its exhibit list merely as

reference aid for the Court, defense, and government itself, not as "argument" as the defense characterizes it. Before the jury begins deliberation, the government will work with the defense to propose an exhibit list which may be submitted to the jury.

**IV. There is no completeness issue ripe for adjudication.**

Defendant Luthor asks to admit evidence under FRE 106 to complete the remainder of text messages that government seeks to introduce at trial. FRE 106, provides, "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time. FRE 106 does not, however, provide grounds for the defense to admit self-serving hearsay that is "not necessary to alleviate a misleading impression." *United States v. Roberts*, 86 F.4th 1183, 1188 (8th Cir. 2023). Nor is it "a mechanism to bypass hearsay rules for any self-serving testimony" by a party, *United States v. Gonzalez*, 399 Fed. App'x 641, 645 (2d Cir. 2010), or an opportunity to admit statements which portray the defendant in a more favorable light. *See United States v. Ali*, 47 F.4th 691, 699-700 (8th Cir. 2022) (upholding admission of jail call excerpts where defendant threatened witness but excluding portions containing friendly conversation "inconsistent with making threats.").

Rather, FRE 106 is violated only when "admission of the statement in its edited form *distorts the meaning* of the statement or excludes information *substantially exculpatory* of the defendant." *United States v. Bolden*, 92 F.3d 686 (8th Cir. 1996) (emphasis added). It is, however, incumbent on the "party urging admission of an excluded conversation" to "specify the portion of the testimony that is relevant

. . . and that qualifies or explains portions already admitted." *United Stated v. King*, 351 F.3d 859, 866 (8th Cir. 2003).

The Court should defer on admitting evidence under FRE 106 until defendant Luthor identifies particular statements he seeks to introduce and provides arguments as to why those statements are admissible under FRE 106.

Finally, Luthor requests an order directing the Court to order the government to disclose the full message thread between Luthor and Brown. But he already has it—it is pulled from Brown's cellphone extraction, produced to him in May 2025. Accordingly, no court order is necessary. Nevertheless, the government will today produced a PDF copy to Luthor as a matter of courtesy.

**Conclusion**

In conclusion, none of Luthor's requests to exclude and limit his text messages with Brown warrant relief. His motion should be denied.

Respectfully submitted,

Date: October 29, 2026

DANIEL N. ROSEN
UNITED STATES ATTORNEY

*<u>/s/ Matthew M. Paulbeck</u>*
Matthew D. Forbes (NY#5664354)
Matthew M. Paulbeck (NY#5674510)
Assistant U.S. Attorneys