**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
*Criminal No.: 25-CR-88 (ECT/LIB)*

---

UNITED STATES OF AMERICA,

Plaintiff,

Vs.

GABRIEL ADMAN ALEXANDER LUTHOR (1)
ELIZABETH CHRISTINE BROWN (2)

Defendants.

---

**DEFENDANTS BROWN'S MOTION FOR SEVERANCE**

Defendant, Ms. Elizabeth Christine Brown, by and through counsel, respectfully moves this Court, pursuant to Rule 14 of the Federal Rules of Criminal Procedure, for an order directing severance of defendants and to severe her trial from Defendant Luthor's.

Trial is set for Monday November 2, 2026. Counsel for Ms. Brown has also filed a Motion for Continuance under seal.

## BACKGROUND

The parties jointly owned Golden Victory Medical that had five (5) medical clinics spread throughout various states, not including

Minnesota. The Government has charged Defendants with six individual instances of Wire Fraud (Counts 1 - 6) and one count of Money Laundering (Count 7) from the operation of Golden Victory Medical. See *Indictment* generally. In the lead up to trial, the Government disclosed that it intended to produce text messages and witness testimony as to the control and manipulation by Mr. Luthor over co-defendant Ms. Brown in its case in chief. Excerpts from Ms. Brown's phone that were extracted show the text messages. As noted in co-Defendant Luthor's Motion in Limine to exclude these messages:

> The excerpts run from November 16, 2019, to December 13, 2022. They range from two messages to more than seventy. The government chose where each excerpt begins and ends. Many are personal. Exhibit 16(c), titled "Gabe pushing on numbers," opens with Ms. Brown asking "So what came first the movie or us," followed by "Good I love you," "Miss u , miss joking w you," and "Same love." Exhibit 16(mm), titled "do exactly as I say," opens with "missing you babe" and "Miss you to." The government has given each exhibit a descriptive title on its exhibit list. Many titles take the most provocative phrase in the excerpt and attribute it to "Gabe."

*Defendant Luthor's Motion in Limine related to Government Exhibit* 16(a)-16(cccc). ECF 171.

Examples of the control and manipulation are noted as to the titles listed: "Gabe will impose his will" (16(kk)), "stop texting and obey" (16(h)),

"Gabe needs private jet" (16(vv)), "everyone will do as I" (16(cccc)), "find the money" (16(w)), and "if you are god I better be yo" (16(yyy)). The underlying message in 16(kk) reads "I will impose my will," and the one in 16(vv) reads "I need a jet this isn't working." *Id*.

Ms. Brown had not previously filed a Motion for severance but now the defenses between Ms. Brown and Mr. Luthor are antagonistic.

On October 28, 2026, the Government produced supplemental witness statements. Two of those statements are by B.M. who lived with Ms. Brown and Mr. Luthor during the relevant time periods in the Indictment. B.M. alleges that she witnessed conduct by Defendant Luthor towards Ms. Brown that has triggered a mental health crisis for Ms. Brown upon review.[1] This has now created antagonistic defense wherein Ms. Brown now moves to sever her trial from Mr. Luthor's.

**ARGUMENT**

Federal Rule of Criminal Procedure 8(b) "permit[s] joinder of defendants 'alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.' " *United States v. White*, No. 25-CR-150 (TSC), 2026 WL 1139767, at *21 (D.D.C.

[1] Counsel for Ms. Brown is not putting forth B.M.'s allegations in this Motion but did so in her correlative Motion to continue her trial filed under seal.

Apr. 27, 2026) citing *United States v. Tucker*, 12 F.4th 804, 824 (D.C. Cir. 2021) (quoting Fed. R. Crim. Pro. 8(b)). Ms. Brown does not disagree that initially Defendants were properly joined, as they co-owned Golden Victory Medical. Further, she understands that the preference is for trials of defendants to be joined. In general, "[p]ersons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together, even if each defendant did not participate in or was not charged with each offense." *United States v. Gravatt*, 280 F.3d 1189, 1191 (8th Cir. 2002) (citation omitted); see *United States v. Voss*, 787 F.2d 393, 401 (8th Cir. 1986) ("[P]ersons charged in the same offense should be tried together, especially when proof against them is based upon the same evidence or acts."); "Trying codefendants together not only conserves scarce time and resources, but also 'gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome.'" *United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006) (quoting *Darden*, 70 F.3d at 1528).

Although it was generally known from the Indictment that the Government intended to show Mr. Luthor was 'in control' and 'directing decisions,' through witnesses and the lifestyle, the most recent information that was divulged has exceeded the extent of control in the Indictment and early discovery. The new information that has caused Ms. Brown to

breakdown, is that Mr. Luthor's control and demands rose to the level of exploitation and criminal acts committed against Ms. Brown, which has now created antagonistic defenses between the parties, and safety concerns for Ms. Brown. This in turn has further caused harm to Ms. Brown's mental health and she submits that severance under Fed. R. Crim. P. 14(a) is now necessary for them not to sit at trial together.

Fed. R. Crim. P. 14 permits severance of defendants where joinder would result in unfair prejudice to a defendant.

The rule provides as follows:

> If the joinder of offenses or defendants in an indictment, and information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

"[T]o warrant severance[,] a defendant must show 'real prejudice'; that is, 'something more than the mere fact that he would have had a better chance for acquittal had he been tried separately.' " *United States* v. *Nichols*, 416 F.3d 811, 816 (2005)(quoting *United States v. Mickelson*, 378 F.3d 810, 817-18 (8th Cir. 2004)). See Also, *United States v. Young*, 753 F.3d 757, 777 (8th Cir. 2014). (A defendant may show real prejudice to the right to a fair trial by demonstrating that the defense is irreconcilable with a co[-]defendant's

defense, or the jury will be unable to properly compartmentalize the evidence as it relates to the separate defendants). Irreconcilable or mutually antagonistic defenses "may be so prejudicial in some circumstances as to mandate severance." *Zafiro v. United States*, 506 U.S. 534, 538, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993).

However, "[m]utually antagonistic defenses are not prejudicial *per se*." *Id*. " 'Antagonistic' defenses require severance only when there is a danger that the jury will unjustifiably infer that *this conflict alone demonstrates that both are guilty*." *United States v. Sandstrom*, 594 F.3d 634, 644 (8th Cir. 2010) (quoting *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996)).

The disclosure provided October 28, 2026, will now require Ms. Brown to not only point a finger at Mr. Luthor but also allege exploitation, sexual and physical assault. Ms. Brown cannot do that while sitting at counsel table with Mr. Luthor during a joint trial where he will be fighting to keep that evidence out at every step.

## CONCLUSION

For the foregoing reasons, Defendant Brown respectfully requests that the Court severe her case from Defendant Luthor.

Respectfully submitted,

**KOCH & GARVIS, LLC**

Dated: October 30, 2026

s/ *Andrew S. Garvis*
Andrew S. Garvis, Att'y #257989
3109 Hennepin Avenue South
Minneapolis, Minnesota 55408
612-827-8101
andrew@uptownlawyer.com

/s/ Erica E. Davis
Erica Davis, Att'y # 0393610
3109 Hennepin Ave
Minneapolis, MN 55408
Phone: 612-351-2155
Fax: 612-217-1366
Erica@davisandegberg.com

**Attorneys for Def. Brown**