UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

Plaintiff,

v.

Elizabeth Christine Brown,

Defendant.

File No. 25-cr-88(2) (ECT/LIB)

**ORDER ON DEFENDANT BROWN'S MOTION FOR SEVERANCE**

---

On October 30, 2026, Defendant Elizabeth Christine Brown filed a motion to sever her trial from co-defendant Gabriel Adam Alexander Luthor's trial. ECF No. 183. According to Ms. Brown, on October 28, 2026, the Government produced two supplemental witness statements by Mr. Luthor's former girlfriend, B.M., who lived with Ms. Brown and Mr. Luthor during the period relevant to charges in the indictment. *Id.* at 3. Counsel for Ms. Brown assert that B.M.'s allegations have "triggered a mental health crisis for Ms. Brown upon review," *id.*, and that the allegations "will now require Ms. Brown to not only point a finger at Mr. Luthor but also allege exploitation, sexual and physical assault," *id.* at 6. Ms. Brown contends that this constitutes an antagonistic defense justifying severance of her trial from Mr. Luthor's. *Id.* at 3. The Government opposes Ms. Brown's motion. ECF No. 192. Ms. Brown's motion will be denied.

"In general, persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together." *United States v. Adkins*, 842 F.2d 210, 211 (8th Cir. 1988). Federal Rule of Criminal Procedure 14(a) provides that "[i]f the

joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." But "to grant a motion for severance, the necessary prejudice must be severe or compelling." *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003) (citation modified). "Defendants can show real prejudice either by showing that their defense is irreconcilable with the defense of their codefendant or codefendants or that the jury will be unable to compartmentalize the evidence as it relates to separate defendants." *United States v. Gutberlet*, 939 F.2d 643, 645 (8th Cir. 1991). However, "the mere existence of generally antagonistic defenses does not necessitate severance." *United States v. Jones*, 880 F.2d 55, 63 (8th Cir. 1989) (citation modified). Nor does "the mere fact that . . . one defendant may try to save himself at the expense of another" constitute "sufficient grounds to require separate trials." *United States v. Boyd*, 610 F.2d 521, 526 (8th Cir. 1979). To justify severance, the defenses must be irreconcilable such "that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other." *Jones*, 880 F.2d at 63 (citation modified).

Ms. Brown's motion will be denied because she has not demonstrated that a joint trial would prejudice her in the relevant sense. Ms. Brown alleges she has a defense that is antagonistic to Mr. Luthor, but she doesn't identify an antagonistic defense or explain how the defense might be legally irreconcilable with Mr. Luthor's defenses. She does not, for example, claim that she was under duress or coercion, and it is difficult to imagine how she could. She cites no evidence suggesting she was unable to walk away from the scheme or suggesting she faced a risk of death or serious bodily injury. *See United States v. May*,

727 F.2d 764, 765 (8th Cir. 1984). Ms. Brown has known for months that the Government would argue that Mr. Luthor controlled her and others' actions in connection with GVM. This theory is not unusual in cases involving a conspiracy or scheme. It creates no antagonism in the relevant sense, and evidence of this control would be admissible in the same way in the joint trial as severed trials. The facts that Ms. Brown now claims create prejudice are facts she has known about for years. That she is raising this concern for the first time now on the eve of trial substantially undermines the contention's credibility.

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Ms. Brown's Motion for Severance [ECF No. 183] is **DENIED**. Ms. Brown's trial will proceed jointly with Mr. Luthor's trial beginning at 9:00 a.m. on Monday, November 2, 2026.

Dated: November 1, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
Chief Judge, United States District Court